UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bruce Brouillard,
     Petitioner

     v.                                    Civil No. 05-cv-246-SM
                                           Opinion No. 2006 DNH 027
United States of America,
     Government

**O R D E R**

Petitioner seeks relief from his sentence under the
provisions of 28 U.S.C. § 2255.  He is acting pro se, but his
pleadings are cogent and to the point.  His principal claim is
straightforward, but the government has not directly addressed
it.  Instead, the government argues generically around the
margins, studiously avoiding discussion of the claim actually
made by petitioner.  As it has in prior cases in which the
government declines to join issue, the court will assume
plausibility with regard to claims raised but not discussed or
opposed by the government.

Petitioner says the government breached the terms of his
written plea agreement at sentencing, and his lawyer provided
ineffective assistance when he failed to raise the issue – that

the government breached its obligations under the plea agreement

– with the court.[1]  Pursuant to a written plea agreement,

petitioner pled guilty to conspiracy to distribute a controlled

substance (cocaine).  The agreement provided, in pertinent part,

that:

> The United States agrees that it will not oppose
> the application of the "Safety Valve" provisions of the
> Sentencing Guidelines (U.S.S.G. § 5C1.2) to the
> defendant if the Probation Department determines the
> defendant is eligible, and he meets the criteria set
> forth in the Guidelines Section.  The defendant
> understands that the Court is not bound by the
> foregoing agreements, but with the aid of a pre-
> sentence investigation report will determine the facts
> relevant to sentencing.

Petitioner says the plea agreement was executed some two

years after he had made his cooperative proffer to the

government.  Implicitly, then, as of the time the agreement was

signed, the government was satisfied with petitioner's

cooperation.

Prior to sentencing, the United States Probation Office

circulated its proposed presentence investigation report for

---

[1]    Petitioner also sought to challenge a civil forfeiture
of property, but waived that issue in his "Response to
Government's Opposition to Motion Pursuant to 28 U.S.C. § 2255"
(document no. 5).

comment or objections by the government and defendant.  That
report found petitioner eligible for application of the safety
valve provisions, which would have allowed him to be sentenced
within the applicable guideline range, unrestricted by the
statutory mandatory minimum sentence of five years for the
offense of conviction.  But, notwithstanding the plea agreement,
the government objected to that part of the report, on grounds
that petitioner's cooperation had been deficient, rendering him
ineligible for safety valve consideration.

    The probation officer understandably deferred to the
government's assessment of defendant's cooperation, and changed
the report.  The officer, however, noted that petitioner's
entitlement to safety valve relief would likely be an issue at
sentencing.  As it turned out, safety valve relief was not raised
as an issue.

    At sentencing defense counsel unsuccessfully sought a
sentence less severe than that dictated by the statutory
mandatory minimum.  Counsel suggested that petitioner's health
warranted a lesser sentence, pursuant to a guideline departure.
That, of course, was plainly not permitted, given the statutory

mandate.  Counsel also vaguely suggested that petitioner should

benefit from the safety valve provision, but seemingly

acknowledged that for petitioner to be eligible for the safety

valve provision, the government would first have to represent

that petitioner had disclosed all information and evidence he had

concerning the offense(s).[2]


     The government affirmatively opposed safety valve relief for

petitioner during the sentencing hearing:

          DEFENSE COUNSEL:  We have here, and I believe in
     the First Circuit – there's different law in other
     circuits, and that's the safety valve, as to whether or
     not that's applicable.

          COURT:  I'm missing your point.

          DEFENSE COUNSEL:  I think the court –

          COURT:  The safety valve is only applicable if the
     government makes the requisite representation I
     suppose, right?

---

     [2]    Although the argument was not made, and has not been
made here, it is possible that, in the government's view,
petitioner did not make full disclosure, or actually
misrepresented facts.  On the other hand, it is also possible,
although this argument was not made either, that petitioner, in
the language of § 5C1.2(5), truthfully provided all information,
or, had no relevant or useful information to provide or that the
government was already aware of the information, thus making
petitioner eligible for safety valve relief, notwithstanding the
government's opposition.

PROSECUTOR:  [Yes.]  We definitely do not in this
case.  We've reviewed it very carefully your honor.

Defense counsel then sought leave to present evidence
related to petitioner's health, to support a downward departure
under U.S.S.G. § 5H1.4 (a departure which, as noted, could not
lawfully go below the statutory mandatory minimum sentence), as
well as to support a claim of exceptional circumstances
warranting post-sentencing release and self-reporting to a
facility designated by the Bureau of Prisons for service of his
term of imprisonment.  Neither defense counsel nor the government
raised an issue regarding the plea agreement's provision binding
the government (at least conditionally) to not oppose application
of the safety valve provision.  Accordingly, that issue was
forfeited.  On direct appeal, the court of appeals declined to
entertain the issue, but noted that the plea agreement might be
open to interpretation on that point.

## Discussion

The substantive issue raised by petitioner relates to the
quality of his counsel's representation.  But resolution of that
issue necessarily turns on whether the government breached its
obligations under the plea agreement.  If it did not, then

petitioner was not prejudiced by counsel's failure to raise the
safety valve issue, even if competent counsel would have raised
it.

The government's memorandum does not dispute the essential
facts as asserted by the petitioner, and the record largely
supports his presentation.  (In fact the government does not even
acknowledge petitioner's claim, does not discuss the plea
agreement's provisions, its reasons for opposing safety valve
relief notwithstanding the agreement's terms, nor whether defense
counsel provided effective representation given his failure to
raise the government's obligations not to oppose safety valve at
sentencing.)  Accordingly, the issue is one of law – whether the
government's undisputed conduct breached the plea agreement.  See
United States v. Frazier, 340 F.3d 5, 9–10 (1st Cir. 2003)
(quoting United States v. Clark, 55 F.3d 9, 11 (1st Cir. 1995),
and citing United States v. Doe, 233 F.3d 642, 644 (1st Cir.
2000) ("[w]hether [the government's] conduct constituted a breach
of the plea agreement is a question of law . . . .").

When prosecutors engage in plea bargaining they are held to
"the most meticulous standards of both promise and performance."

United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002)

(quoting United States v. Velez Carrero, 77 F.3d 11, 11 (1st Cir.

1996)).  Here, the government might have argued that its

conditional promise not to oppose safety valve relief was just

that – conditional, and the condition – full disclosure by

petitioner – was not met in at least two ways.  First, the

government might say, the probation office did not find

petitioner eligible for safety valve relief in its final report,

so the first condition was not met and, second, petitioner did

not meet the criteria set forth in § 5C1.2(5) requiring full

disclosure of offense-related information, so the second

condition was not met either.  But the government doesn't address

the issues raised in the petition, and makes no such assertions.

    In any event, plea agreements are construed in light of

general principles of contract law.  Clark, 55 F.3d at 12; United

States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir. 1987).

But, "[a] plea agreement is not an appropriate context for the

government to resort to a rigidly literal approach in the

construction of language."  United States v. Garcia, 698 F.2d 31,

37 (1st Cir. 1983) (quoting United States v. Bowler, 585 F.2d

851, 854 (7th Cir. 1978)).  Plea agreements also include an

implied covenant of good faith and fair dealing – the government
is not permitted to end-run its obligations by technically
complying with terms in a way that effectively undermines the
benefit of the bargain upon which a defendant relied in waiving
his or her substantive constitutional rights.  <u>United States v.
Ahn</u>, 231 F.3d 26 (D.C. Cir. 2000); <u>United States v. Saxena</u>, 229
F.3d 1, 6 (1st Cir. 2000); <u>United States v. Canada</u>, 960 F.2d 263,
269 (1st Cir. 1992).

It hardly seems contestable that a significant inducement
for petitioner's plea was the government's agreement not to
oppose safety valve relief if the probation office found him
eligible.  That promise necessarily carried with it at least an
implicit commitment, as of the date of the plea agreement, not to
oppose safety valve relief based on a claim that petitioner had
not fully disclosed under § 5C1.2(5).  At sentencing, the
government opposed safety valve relief, but did not mention its
obligations under the agreement – it did not acknowledge the
terms and suggest that it was somehow released from its agreement
not to oppose safety valve relief, and, of course, the government
offers nothing of the sort in its memorandum opposing
petitioner's Section 2255 motion.

Significantly, it was the government that precipitated the changed presentence investigation report.  The probation office found petitioner eligible for safety valve relief, and altered that determination only after the government noted its objection, claiming that petitioner did not meet the full disclosure requirement.  But, the government had, at least implicitly, agreed that petitioner did meet that requirement when it executed the agreement.  Otherwise, its promise not to oppose the safety valve provision was entirely illusory.  The implied covenant of good faith and fair dealing operates to prevent the government from inducing a waiver and plea by making an illusory promise, or one it later undermines based on facts known to it when it executed the plea agreement.  The government does not suggest that between the time of the agreement's execution and petitioner's sentencing it learned of some fraud or deceit on petitioner's part that ought to have released it from its obligations, or that should have operated to void the agreement altogether, or that the petitioner agreed, prior to sentencing, that the safety valve language was no longer applicable.

As in United States v. Nelson, 222 F.3d 545, 549 (9th Cir. 2000), the government's representations in the plea agreement

regarding safety valve relief were "strong enough to encourage
[petitioner] to believe that the safety valve would apply in his
case," particularly if the probation office found him eligible.
And, as in <u>Nelson</u>, "no facts were developed after the time of
petitioner's plea which could have altered the government's
calculus and undercut its duty to perform under the agreement."
<u>Id.</u>  In this case the government seemingly was in possession of
all the relevant facts when it made its promise, and, given this
record, the government's representations "created an obligation
on its part not to oppose application of § 5C1.2."  <u>Id.</u>

It is a short step, then, to also conclude that petitioner's
counsel should have raised the government's apparent breach of
the plea agreement at sentencing.  He did not.  Under the
familiar test set out in <u>Strickland v. Washington</u>, 466 U.S. 668
(1984), defense counsel's representation was clearly deficient in
that regard.  His failure to raise the breach issue fell below an
objective standard of reasonableness, and deprived petitioner of
a fair sentencing hearing.  Moreover, petitioner was prejudiced
in that he was sentenced to the mandatory minimum term of five
years' imprisonment when it is likely that, absent the
government's opposition, he would have been afforded safety valve

relief, as initially recommended by the probation office, and as contemplated by his plea agreement.

## Conclusion

Petitioner's motion for sentence relief under 28 U.S.C. § 2255 is granted.  The imposed sentence is vacated.  Petitioner shall notify the clerk, within thirty (30) days of the date of this order, of his intention to retain private counsel at no expense to the government or to request appointed counsel, after which a new sentencing hearing will be scheduled.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 28, 2006

cc:  Bruce Brouillard, pro se
     Peter E. Papps, Esq.
     U.S. Probation
     U.S. Marshal

11